# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

ROBERT STONE,

                Petitioner,

v.                                                              CIVIL ACTION NO. 1:16-cv-10763

BARBARA RICKARD, *Warden*,

                Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1), the United States' *Response to Order to Show Cause* (Document 8), moving to dismiss the petition, and the Petitioner's *Respon[se] to Government's Response to Order to Show Cause* (Document 10). By *Standing Order* (Document 3) entered on January 4, 2016, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. The Magistrate Judge issued a *Proposed Findings and Recommendation* (PF&R) (Document 11) on August 28, 2017. The Petitioner filed a *Motion for Request of Tolling Reply to Governments Response to 28 U.S.C. § 2241 Filed on Behalf of the Petitioner* (Document 12) and three additional documents, which the Court has viewed collectively as objections to the PF&R. (Documents 12–15.) The Court will grant the motion to extend the response deadline and treat the objections as timely.

## FACTS

The Petitioner was sentenced to life in prison in 1985. His sentence is parole eligible, although the sentencing judge recommended that he not be considered for parole. On November 14, 2015, the Petitioner received an incident report for possession of a weapon. A handcrafted, sharpened weapon was discovered under the bottom lip of his locker. He denied that the weapon was his and pointed out that the area was accessible to others. Although the Petitioner requested that staff check the weapon for fingerprints or DNA evidence and review any video of the area, no such extensive investigation was conducted. Instead, after speaking with the Petitioner, staff members, and some witnesses, the Bureau of Prisons (BOP) determined that the evidence supported a conclusion that the weapon belonged to the Petitioner based on its discovery within an area he was responsible for keeping free of contraband.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that the Petitioner is acting *pro se*,

and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

The Petitioner asserts that the record of disciplinary action could prevent his release on parole. Thus, he argues that the investigation violated a due process liberty interest in potential release on parole and seeks to have the Incident Report expunged from his record. The Magistrate Judge found that the "Petitioner has no liberty interest in the Parole Commissions' use of an inmate's good time credit for the purpose of calculating a possible parole eligibility date." (PF&R at 5.) Even if the Petitioner could show that a liberty interest was implicated by the disciplinary sanction, the Magistrate Judge found that the Petitioner received appropriate documentation, had the opportunity to present evidence, and the decision was based on "some evidence," meeting the constitutional due process standard for prison disciplinary proceedings.

The Petitioner argues that the sentencing judge's recommendation that he not be considered for parole is not binding, and that his sentence is parole eligible. He further argues that he would be a good candidate for parole based on his history of good behavior and rehabilitation during his thirty (30) years of incarceration. He states that the BOP has awarded him good time credit, and he has had a parole hearing before the Parole Board, although parole was denied. In addition to his challenge to the BOP's failure to consider fingerprint, DNA, or video evidence, the Petitioner asserts that circumstantial evidence supports the conclusion that the weapon did not belong to him. Another weapon was found in his cellmate's locker, he has no history of violence or possession of weapons within the BOP, he consistently denied possession of the weapon, and he offered an alternative explanation for the presence of the weapon in his cell.

3

The Court finds that the Petitioner's objections must be overruled for the reasons stated by the Magistrate Judge. The Petitioner's first hurdle is to demonstrate that the disciplinary sanction implicated a protected liberty interest. While the Supreme Court has found a liberty interest in good time credits that reduce the length of an inmate's sentence, no similar interest attaches to discretionary parole absent circumstances that demonstrate an expectation, rather than mere desire, for release. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (finding a liberty interest implicating due process in loss of good time credits); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Waddell v. Dep't of Correction*, 680 F.3d 384, 395 (4th Cir. 2012) (no right to have good time credit applied to reduce a life sentence).

Although the Petitioner's failure to demonstrate that the disciplinary sanction implicated a protected liberty interest is fatal to his claim, the Court will follow the Magistrate Judge's lead in nonetheless considering whether the process afforded him would be constitutionally adequate if such an interest could be shown. Where a disciplinary sanction lengthens the term of confinement, due process requires "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken," as well as some opportunity for the inmate to present evidence and witnesses where doing so is compatible with institutional needs. *Wolff*, 418 U.S. at 563-69. The institution's decision must be supported by "some evidence in the record." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–55 (1985) (noting that this standard does not "imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-

4

guessing upon review"). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455–56.

Although the Petitioner argues that certain BOP procedures were not followed and that the BOP did not consider or fairly weigh a sufficient range of evidence, the record reveals that he received written notice, had the opportunity to respond, and received a written explanation of the decision. The weapon was discovered under his locker. The BOP chose not to seek out additional, potentially exculpatory, evidence. However, the Court's role is only to determine whether the BOP's decision was based on "some evidence." The discovery of a weapon in an area presumed to belong to, and be under the control of, the Petitioner, constitutes "some evidence" supporting its imposition of discipline. Therefore, even if the discipline imposed implicates a protected liberty interest, the Petitioner is not entitled to relief because he cannot demonstrate that he was deprived of that liberty interest without the minimal due process protected by the Constitution.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion for Request of Tolling Reply to Governments Response to 28 U.S.C. § 2241 Filed on Behalf of the Petitioner* (Document 12) be **GRANTED**. The Court further **ORDERS** that the Petitioner's objections (Documents 12–15) be **OVERRULED** and that Judge Aboulhosn's *Proposed Findings and Recommendation* (Document 11) be **ADOPTED**. Finally, the Court **ORDERS** that the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1) be **DISMISSED** and this matter be **REMOVED** from the Court's active docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record and to any unrepresented party.

ENTER: July 31, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA